UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS MATTSON, et al.,

      Plaintiffs,

v.                                                    Case No. 24-CV-991

BASIN ELECTRIC POWER COOPERATIVE, et al.,

      Defendants.

## DECISION AND ORDER

Before the court is defendants' Basin Electric Power Cooperative, Rosebud Electric Cooperative, Inc., and Grand Electric Cooperative, Inc.'s Motion to Strike Portions of Pleadings and Motion to Dismiss the Amended Complaint (ECF No. 28); *see* Fed. R. Civ. P. 12(b)(1), (2), and (6); and 12(f).

1. **BACKGROUND**

Prelude, LLC, Thomas Mattson, and Edward Dostal filed this action against defendants Basin Electric Power Cooperative, Rosebud Electric Cooperative, and Grand Electric Cooperative. Mattson and Dostal are representing themselves. Prelude, however, as an LLC, may appear only by counsel. *See United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). When Prelude failed to obtain counsel, the court dismissed it as a party. (ECF No. 21.) Prelude, however, purported to assign

its claims to Mattson, and thus Mattson seeks to prosecute Prelude's claims pursuant to this assignment. (*See* ECF No. 12-1.)

Mattson is a Wisconsin resident. Dostal is a South Dakota resident. The plaintiffs are engaged in energy production in South Dakota. Since the early 2010s, the plaintiffs have attempted to sell wind power generated from properties in South Dakota. They allege that the defendants engaged in a deliberate scheme to obstruct their ability to develop and operate wind farm projects designated as Qualifying Facilities (QFs) under the Public Utility Regulatory Policies Act of 1978 (PURPA), 16 U.S.C. §§ 2601–2645.

The plaintiffs assert that the defendants unlawfully refused to enter into Power Purchase Agreements (PPAs) as required by PURPA and instead engaged in bad faith delays and evasions to prevent the plaintiffs from securing agreements at fair "avoided cost rates." They contend that the defendants manipulated avoided cost calculations by improperly relying on artificially low estimates based on coal generation rather than higher-cost natural gas generation, thereby depriving the plaintiffs of the full avoided cost payments to which they are entitled. Additionally, the plaintiffs allege that the defendants imposed unlawful financial barriers, including excessive security deposit requirements, to deter small developers.

The plaintiffs further assert that non-party Gregory County, South Dakota, enacted restrictive wind farm permitting rules, including an arbitrary three-mile setback requirement that they contend was designed to block their projects. The plaintiffs allege that these regulatory changes, in conjunction with the defendants'

2

wrongful conduct, have effectively deprived them of their rights under PURPA and caused significant financial harm. They seek declaratory and injunctive relief compelling the defendants to comply with PURPA, as well as damages for the substantial economic losses they have suffered because of the defendants' and Gregory County's alleged unlawful actions. They further request that any ruling by this court be binding upon non-party Gregory County.

## 2. LEGAL STANDARD

Jurisdiction, over both "the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)" is a threshold issue that courts must address before other portions of a matter. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). The requirement that jurisdiction precede other considerations "'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co.*, 523 U.S. at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

A defendant may move to dismiss if the court lacks either subject matter jurisdiction over the dispute or personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(1) and (2). Because personal and subject matter jurisdiction are both fundamental, consideration of one need not precede the other. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Absence of either requires dismissal. *Id*.

## 3. DISCUSSION

When challenged by a defendant, the plaintiff bears the burden of establishing personal jurisdiction. *N. Grain Mktg., LLC. v. Greving*, 743 F.3d 487, 491 (7th Cir.

2014). Where no evidentiary hearing is held, "the plaintiff need only make out a prima facie case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie showing has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Id.* (quoting *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)). However, unlike some other challenges to a complaint, a court may consider affidavits and other evidence outside of the pleadings to determine if it has personal jurisdiction. *Id.* Courts may "accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

The question of personal jurisdiction begins with the laws of the state in which the federal district court sits. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."); *see also* Fed. R. Civ. P. 4(k)(1)(A). Wisconsin requires a plaintiff to make a prima facie showing that the defendant falls within its long-arm statute. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996); *see generally* Wis. Stat. § 801.05 (Wisconsin's long-arm statute). As Wisconsin presumes its long-arm statute codifies the limits of due process, the burden then shifts to the defendant to show that exercise of jurisdiction would nevertheless violate due process. *Id.* "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no

4

meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945))

"Wisconsin can exercise two types of personal jurisdiction over a nonresident defendant, general and specific." *Logan*, 103 F.3d at 52.

### 3.1. General jurisdiction.

General jurisdiction exists in the defendant's home state. *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023). For a corporate entity, this is the state where it is incorporated or has its primary place of business. *Id.* General jurisdiction also exists where "the defendant [has] such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010).

None of the defendants are either incorporated or maintain their primary place of business in Wisconsin. The defendants provided affidavits disclaiming any significant business contacts with Wisconsin, which the plaintiffs have failed to rebut. There is no indication that the defendants have any significant contacts with Wisconsin, much less the type of continuous or systemic business contacts that would make a finding of general jurisdiction consistent with "traditional notions of 'fair play and substantial justice.'" *uBID*, 623 F.3d at 432 (quoting *Burger King*, 471 U.S. at 476). Accordingly, the court lacks general jurisdiction over any of the defendants.

### 3.2. Specific Jurisdiction.

As the court lacks general jurisdiction, it now looks to specific jurisdiction. There are three elements of specific personal jurisdiction: (1) defendants purposefully

5

directed activities at the forum state; (2) the alleged injury "arise out of or relate to the defendants' forum-related activities; and (3) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *In re Sheehan*, 48 F.4th 513, 522 (7th Cir. 2022). To satisfy "traditional notions of fair play and substantial justice," due process requires that a defendant has "minimum contacts" with the forum state. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 395–96 (7th Cir. 2020) (quoting *Int'l Shoe*, 326 U.S. at 316, 317). These minimum contacts with the foreign state must be of a nature that the defendant could "reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

The defendant must "purposefully established [those] minimum contacts withing the forum State." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997) (citations and quotations omitted). Thereby, the "defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, "an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts." *See RAR*, 107 F.3d at 1277. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (internal quotation marks omitted).

"The Supreme Court has long made clear that the question of personal jurisdiction hinges on the defendant's—not the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023). Courts require personal jurisdiction to be based on the minimum contacts between the defendant and "the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. "The plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

With these principles in mind, the court turns to the defendants' argument that the court lacks specific personal jurisdiction. The defendants each represent that they are incorporated and headquartered in either North Dakota or South Dakota. None operates, sells electricity, or has any offices, employees, or assets in Wisconsin. The defendants further assert they did not purposefully direct any activities to Wisconsin, and that the plaintiffs' claims, which emerge from the plaintiffs' efforts to develop wind farms in South Dakota, do not arise from any conduct related to Wisconsin. (ECF Nos. 29-1, 29-2, 29-3.)

The plaintiffs' only argument in support of specific personal jurisdiction is that the defendants communicated with Mattson, a Wisconsin resident, about power rates. The plaintiffs did not provide the court with any such communications or even an affidavit supporting their assertion; the plaintiffs merely quoted the communications in their response. (*See* ECF No. 31 ¶¶ 9, 12, 41.) However, the

7

plaintiffs attached a series of letters to the complaint which appear to be the communications they refer to in their response. These communications fall far short of establishing specific personal jurisdiction. Each relates to an attempt to negotiate an agreement for a project located in South Dakota, and all appear to have been initiated by the plaintiffs.

The plaintiffs sought out North and South Dakota businesses to develop a wind farm in South Dakota. There is no evidence that any defendant ever sought out Mattson, much less "purposefully avail[ed] itself of the privilege of conducting activities within" Wisconsin. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987).

The fact that the defendants communicated with a person who happened to be in Wisconsin is insufficient to subject the defendants to specific personal jurisdiction in this state. *See Walden*, 571 U.S. at 286 (holding that there was no personal jurisdiction where the only contacts between the defendant and the forum were a forfeiture notice sent to plaintiffs residing there); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (holding that there was no personal jurisdiction where the only contacts between the defendant and the forum were communications initiated by the plaintiff with a nonresident trustee, and stating that personal jurisdiction requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State"); *Burger King*, 471 U.S. at 475–76 (holding that there was no personal jurisdiction where the only contacts between the defendant and the forum were incidental communications with a resident plaintiff and

emphasizing that personal jurisdiction cannot rest on "random, fortuitous, or attenuated contacts" or the unilateral activity of the plaintiff).

Even if the parties' communications culminated in a contract, this would still be insufficient to support specific jurisdiction. *See RAR*, 107 F.3d at 1277 ("[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts."). The defendants' only connection to Wisconsin is the fortuity that a person who sought to do business with them lived in the state. This is insufficient. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("The plaintiff cannot be the only link between the defendant and the forum.").

The plaintiffs have failed to demonstrate that the court has jurisdiction over the defendants. Therefore, the court will grant the motion to dismiss under Fed. R. Civ. P. 12(b)(2).

## 4. CONCLUSION

The court lacks personal jurisdiction over the defendants. Thus, the defendants' alternative arguments in support of dismissal are not properly before the court. Further, because no party has requested transfer in lieu of dismissal, the court does not consider the question. *See* 28 U.S.C. § 1631.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss the Amended Complaint (ECF No. 28) is **GRANTED**, and this action is **DISMISSED** without prejudice pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over the defendants. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that all other pending motions (ECF Nos. 28 (defendants' motion to strike) 41 (plaintiffs' motion for summary judgment), 44 (defendants' motion to strike or in the alternative to stay), 45 (defendants' motion for an extension of time), 51 (plaintiffs' motion for default judgment), 56 (plaintiffs' motion to compel), 54 (defendants' motion for protective order)) are **DISMISSED AS MOOT**.

Dated at Green Bay, Wisconsin this 8th day of April, 2025.

*s/ Byron B. Conway*
Byron B. Conway
United State District Judge
